# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Lisa M. Valentine, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:09-CV-2555-PMD |
| v. ) | |
| ) | |
| Brock & Scott, PLLC, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon Defendant Brock & Scott, PLLC's ("Defendant") motion to dismiss Plaintiff Lisa M. Valentine's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, the court grants in part and denies in part Defendant's motion to dismiss and denies Defendant's motion for a more definite statement.

## BACKGROUND

Plaintiff alleges in her Complaint that Defendant, a debt collector, has violated multiple sections of the Fair Debt Collection Practices Act and has also violated South Carolina common law in the negligent, reckless and wanton training and supervision of its employees. Plaintiff alleges that on August 12, 2009, she received a letter from Defendant regarding an alleged debt owed to the Channel Group. After receiving this letter, Plaintiff alleges that she received approximately 11 calls from August 23, 2009 through September 10, 2009, with two of those calls taking place on the same day. Plaintiff also alleges that Defendant left messages on Plaintiff's non-exclusive home answering machine stating that the Defendant was calling to collect a debt from Plaintiff and that Plaintiff needed to return the call. Plaintiff claims that on

September 11, 2009 she called Defendant's office and spoke with a female collector who stated that her name was Debra Parker ("Parker"). Plaintiff told Parker that she was calling in response to the August 12, 2009 letter that stated that she had 30 days to contact Defendant. Parker told Plaintiff that because Plaintiff had not been served yet by the sheriff that Plaintiff could work out a payment schedule and reduce the amount of debt by half. Plaintiff alleges that she then requested Parker to put the details of their conversation in writing, and Parker agreed to send a letter by email to Plaintiff. On September 15, 2009, Plaintiff was served with a Complaint filed by Defendant in the Georgetown Court of Common Pleas on September 4, 2009. Upon receiving the Complaint, Plaintiff called Defendant and asked to speak with Parker; however, Plaintiff was told that no one by the name of Parker worked with the Defendant. On September 15, 2009, Plaintiff received an email from "Parker" and attached to the email a Confession of Judgment and a Stipulation of Dismissal; however, no letter confirming the proposed settlement option was ever provided. Plaintiff did not sign the Confession of Judgment, and Defendant continued to call Plaintiff. Specifically, Defendant called Plaintiff on September 23, 24, and 29.

Plaintiff's complaint alleges three causes of action: (1) a statutory claim for violations of the Fair Debt Collections Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 et seq. ("Count One"); (2) a common law tort claim for negligent training and supervision ("Count Two"); and (3) a common law tort claim for reckless and wanton training and supervision ("Count Three"). On November 18, 2009, Defendant moved to dismiss all counts of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) as to portions of Count One.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." *Federal Trade Comm'n v. Innovative Mktg., Inc.,* 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. See also Harman v. Unisys Corp.,* 2009 WL 4506463 *2 (4th Cir.2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

Defendant alternatively moves the court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

"A motion for a more definite statement is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Gleichauf v. Ginsberg*, 859 F. Supp. 229, 233 (S.D. W. Va. 1994). Whether a motion for a more definite statement should be granted is "generally left to the district court's discretion." *Hodgson v. Virginia Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir. 1973).

## ANALYSIS

Defendant has moved to dismiss all three counts of Plaintiff's Complaint. In Count One of her Complaint, Plaintiff alleges that Defendant violated multiple sections of the FDCPA. First, Plaintiff alleges that Defendant has violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff at a time or place known by the Defendant to be inconvenient to Plaintiff. Second, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d(5) by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse" by "[c]ausing a telephone to ring or engaging [Plaintiff] in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Lastly, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(b), which prohibits a debt collector from communicating with a third party in connection with the collection of any debt, by leaving messages on Plaintiff's non-exclusive home answering machine.

With respect to the first alleged violation of the Act, 15 U.S.C. § 1692c(a)(1), Defendant argues that Plaintiff has failed to state claim to which she is entitled to relief. Under § 1692c(a)(1) of the Act, a debt collector is prohibited from communicating with a consumer from whom it is attempting to collect a debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." Defendant argues that while Plaintiff's Complaint mentions a number of telephone calls that occurred between the parties, her Complaint fails to mention a single instance that any telephone call was made prior to 8 o'clock antemeridian or after 9 o'clock postmeridian. Further, Defendant argues that the Complaint also fails to provide any factual allegation as to what knowledge the Defendant had, or should have had, or should be presumed to have had, that would inform Defendant that Plaintiff's "convenient times and places" were other than the presumptive times and places contained within the Act. Defendant also points out that no allegation is made in the Complaint that any of the referenced telephone calls or other communications occurred at the Plaintiff's workplace or at any other place that might not be convenient for the Plaintiff. Therefore, Defendant argues that Plaintiff has failed to allege a state of facts which, if proven at trial by the preponderance of the evidence, would entitle her by law to relief.

Plaintiff argues that her "Complaint specifically sets forth that 'the Plaintiff received numerous telephone calls from the Defendant including calls on August 23, 25, 26, 27 and 28. She also received telephone calls from the Defendant on September 2, 4, 9 and 10. On

September 8, 2009 the Defendant called the Plaintiff twice.' The fact that Defendant was calling the Plaintiff almost daily is inconvenient to the Plaintiff." Pl. Opp'n Mem. p. 3.

The Court agrees with the Defendant and finds that even accepting all the facts as stated in the Complaint as true, Plaintiff has failed to state a claim for which relief may be granted under 15 U.S.C. § 1692c(a)(1). To state a claim under § 1692c(a)(1), Plaintiff must show that Defendant communicated with Plaintiff at an unusual time or place or at a time or place that the Defendant knew or should have known was inconvenient to the Plaintiff. As stated above, in the absence of knowledge to the contrary, Defendant must assume that the convenient time for communicating with Plaintiff is after 8 o'clock antemeridian and before 9 o'clock postmeridian. While Plaintiff's Complaint mentions a number of telephone calls placed by the Defendant, her Complaint fails to mention a single instance that any telephone call was made prior to 8 o'clock antemeridian or after 9 o'clock postmeridian. Further, Plaintiff's Complaint fails to provide any factual allegation as to what knowledge the Defendant had, or should have had, or should be presumed to have had, that would inform Defendant that Plaintiff's "convenient times and places" were other than the presumptive times and places contained within the Act. In fact, Plaintiff's Complaint makes no mention of time or place as it relates to any of Defendant's communications with the Plaintiff. While the Defendant alleges that the sheer number of calls was an inconvenience to the Plaintiff, this section of the Act requires that the communication is made at an inconvenient *time or place,* and Plaintiff's Complaint fails to state any facts as to how Defendant's communications with Plaintiff took place at an inconvenient time or place. Therefore, the Court dismisses Plaintiff's claim pursuant to 15 U.S.C. § 1692c(a)(1).

With respect to the second alleged violation of the Act, 15 U.S.C. § 1692d(5), Defendant argues that Plaintiff has failed to state claim upon which she is entitled to relief. Under §

1692d(5) of the Act, a debt collector is prohibited from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" by "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Defendant notes that the Federal Trade Commission has published "Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act" at 53 Fed. Reg. 50097 *et seq.* ("the Commentary"). While not binding law, the Commentary provides general guidance as to the interpretation of the Act for the benefit of the courts, debt collectors, and consumers. The Commentary explains the meanings of the terms "continuously" and "repeatedly" as used in the Act in the following ways: "'Continuously' means taking a series of telephone calls, one right after the other. 'Repeatedly' means calling with excessive frequency under the circumstances." (Commentary at § 806(5)). Defendant argues that whether a series of telephone calls taking place over a three-week period, only two of which occurred on the same day, is a violation of the Act, is an issue of first impression within this Circuit. However, Defendant argues that 11 telephone calls over the course of 19 days is on its face not "excessive under the circumstances." Defendant argues that, therefore, Plaintiff has failed to state a claim under 15 U.S.C. § 1692d(5).

Plaintiff argues that "whether the calls made by the Defendant to Plaintiff were continuous in nature or excessive is a question of fact for the jury." *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F. Supp. 2d 492 (D. Md. 2004) (holding that whether Defendant's approximately 27 calls made over a two-month period was excessive under the circumstances was a question of fact for the jury). Additionally, Plaintiff correctly notes that "whether there is

7

actionable harassment turns not only on the volume of calls made, but also on the pattern of calls." *Id.*

The Court agrees with the Plaintiff and finds that her Complaint states a claim to relief that is plausible on its face under § 1692d(5) of the Act. Pursuant to § 1692d(5), Plaintiff is only required to state enough facts to show that it is plausible that Defendant caused her telephone to ring or engaged her in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. In her Complaint, Plaintiff alleges that Defendant called Plaintiff 11 times over a period of 19 days, with two of those calls occurring on the same day. In the absence of controlling case law finding that this number of calls does not violate § 1692d(5) and at this early stage of the litigation, the Court finds that Plaintiff has stated a claim for relief under § 1692d(5) that is plausible on its face and, therefore, denies Defendant's motion to dismiss this claim.

With respect to the third, and last, alleged violation of the Act, 15 U.S.C. § 1692c(b), Defendant argues that Plaintiff has failed to state claim upon which relief can be granted. Under § 1692c(b) of the Act, a debt collector is prohibited from communicating with third parties in connection with the collection of any debt. According to Plaintiff's Complaint, Defendant violated this section of the Act by leaving messages on Plaintiff's non-exclusive home answering machine stating that the call was from a debt collector and that Plaintiff needed to return the call. Defendant argues that because Plaintiff fails to allege that any communication with a third-party actually occurred, her Complaint is insufficient to state a claim entitling her to relief under § 1692c(b).

In her response in opposition to Defendant's motion to dismiss, Plaintiff argues that Defendant's messages on Plaintiff's non-exclusive home answering machine constitute a

violation of not only § 1692c(b) but also a violation of § 1692e(11), which requires debt collectors to disclose in communications after the initial written communication that the communication is from a debt collector. Additionally as to Plaintiff's § 1692c(b) claim, Plaintiff argues that her husband, a third party, did in fact hear the messages left for her by Defendant on her non-exclusive home answering machine.

The Court finds that Plaintiff has properly stated a claim for relief under § 1692c(b). In her Complaint, Plaintiff alleges that Defendant, a debt collector, left messages on her non-exclusive home answering machine stating that they were calling in order to collect a debt from the Plaintiff and that Plaintiff needed to return the call. Further, although not mentioned in her Complaint, Plaintiff alleges that her husband did in fact listen to the message left on their answering machine concerning the debt. Plaintiff's allegations are enough to state a claim for relief under § 1692c(b) that is plausible on its face, and therefore the Court denies Defendant's motion to dismiss this claim. However, the Court finds that Plaintiff has failed to state a claim under § 1692e(11). As discussed above, § 1692e(11) prohibits the "failure to disclose in subsequent communications that the communication is from a debt collector." Plaintiff never alleges in her Complaint that any of Defendant's employees failed to identify themselves as a debt collector. In fact, Plaintiff alleges in her Complaint that in every message Defendant stated that they were calling in order to collect a debt. Therefore, the Court finds that Plaintiff has failed to state a claim under § 1692e(11).

Finally, in Counts Two and Three of the Complaint, Plaintiff asserts common law claims of negligent, reckless, and wanton training and supervision so as to prevent the conduct, alleged by the Plaintiff to be wrongful and complained of in Count One of the Complaint. Defendant argues that "[b]ecause, as set forth above, Plaintiff has failed to state a claim as to which she can

be entitled to the relief sought by her in her Complaint, as to Count One, Counts Two and Three must necessarily fall with Count One." As discussed above, the Court has found that Plaintiff has properly stated a claim relief under §§ 1692d(5) and 1692c(b). Therefore, Defendant's argument that Count Two and Three "must necessarily fall with Count One" is without merit, and the Court denies Defendant's motion to dismiss Counts Two and Three of Plaintiff's Complaint.

In the alternative, Defendant asks the Court to order the Plaintiff to make a more definite statement of her causes of action against the Defendant because Defendant claims that Plaintiff's Complaint is so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. Specifically, Defendant points to the allegation in Count One at paragraph 17, which states that "Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act . . . with respect to the Plaintiff's alleged consumer debt." Then, in paragraphs 18, 19, and 20, Plaintiff lists specifically what activities and practices violated different sections of the Act. Defendant claims that "Plaintiff may intend that paragraph 17 constitutes an introductory allegation intended by her to bring to the Court's attention the allegations of paragraphs 18, 19, and 20 of the Complaint; or, it may be read as a separate allegation as to conduct not mentioned in those paragraphs of the Complaint." Def's Mot. P. 6. Defendant claims that it cannot frame a response to the bare allegation that it has "engaged in collection activities . . . in violation of the [FDCPA]." Id. Defendant, therefore, requests that the Court order Plaintiff to either "(1) advice the Court and Defendant that the allegation is intended by her are an introductory comment only, or in the alternative (2) set forth each activity and practice alleged by Plaintiff to have been undertaken, and further the manner in which each such activity and practice is alleged to be in violation of the FDCPA." Id. at 7. In her response in

opposition to Defendant's motion for a more definite statement, Plaintiff argues that a more definite statement is not necessary as she has set for each specific FDCPA violation in her complaint. Therefore, the Court finds that it is clear that paragraph 17 of Plaintiff's Complaint is an introductory paragraph and is not a separate allegation as to conduct not mentioned in the Complaint. Therefore, the Court denies Defendant's motion for a more definite statement as to paragraph 17 of the Complaint.

Defendant also asks the Court to order Plaintiff to make a more definite statement in regards to paragraph 18 of her Complaint, which alleges that the Defendant violated the FDCPA by contacting Plaintiff at a time or place Defendant knew or should have known was inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1). However, as the Court has already dismissed this claim above, the Court finds Defendant's motion for a more definite statement as to paragraph 18 is moot.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Brock & Scott's motion to dismiss Plaintiff Lisa M. Valentine's Complaint is **DENIED IN PART** and **GRANTED IN PART** and Defendant's motion for a more definite statement is **DENIED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**April 26, 2010**
**Charleston, SC**